```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA       )
                               )
        vs.                    )   Criminal No. 08-66
                               )
ANDREW LEE SMITH,              )
                               )
        Defendant/petitioner.  )

## O R D E R

AND NOW, this 26th day of April, 2010, after a review of Defendant/Petitioner's "Motion 3582(c)(1)(A) for Sentence Reduction" (document No. 61) filed in the above captioned matter on April 22, 2010, the Court finds that this pleading should properly be considered as a "Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255" and will treat it as such.

Therefore, IT IS HEREBY ORDERED that:

1. By May 26, 2010, petitioner shall serve the opposing party and file with this Court a written notice of his decision as to how he wishes to proceed in this case, specifically, whether he wishes to have his Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255:

    (a) ruled upon as filed; or

    (b) withdraw said motion and file one all-inclusive § 2255 habeas petition within the one-year statutory period.

2. If the pro se motion was filed within the one-year time limit, and that limit has expired or will expire within the

1

next 119 days, the Court will grant petitioner 120 days from the date of this Order to file one new all-inclusive habeas petition.

       3. If the Court does not receive a written notification of withdrawal by May 26, 2010, the Court will proceed to decide the original motion as filed on April 22, 2010.

       The Antiterrorism And Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, effective date April 24, 1996, provides that a second or successive habeas petition under 28 U.S.C. § 2255 is to be dismissed, unless the Third Circuit certifies that certain very specific and rare circumstances exist. United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999). Because of AEDPA's "two strike rule," petitioners must be informed that they must include in their first petition all potential claims for which they might desire to seek review and relief. Id.; Mason v. Myers, 208 F.3d 414, 416 (3d Cir. 2000) (applying Miller requirements to § 2254 habeas petitions as well as to § 2255 habeas petitions).

      With this information in mind, the petitioner is hereby advised to decide how he wishes to proceed in this case. He may, under the Miller rule: (1) have his original § 2255 habeas petition ruled upon as filed and lose the ability to file successive habeas petitions absent "the most unusual of circumstances" and certification by the Third Circuit; or (2) withdraw the § 2255


habeas petition, and file one all inclusive § 2255 habeas petition within the one-year statutory period.[1]  See Miller, 197 F.3d at 652.

                                       s/Alan N. Bloch
                                       United States District Judge

ecf:      Counsel of record

cc:       Andrew Lee Smith
          #09773-068
          Ft. Devens Medical Center
          P.O. Box 879
          Ayer, MA  01432

---

[1] Title 28 U.S.C. § 2255 provides that the limitation period shall run from the latest of--
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.